PER CURIAM:
In this proceeding Lisa Dawn Stickley, in her own right and as next friend of her infant daughter, Andrea Nicole Vanglider, seeks an award for personal injuries and personal property damage, and for an award to her daughter for loss of her mother’s services, society and companionship, as the result of a one-car automobile accident on 28 October 1992, when her northbound car went out of control and crashed into a tree, and she was seriously injured and her car was damaged beyond repair.
Trial on 3 August 1994 was on the issue of negligence only. Claimant maintains that the respondent was negligent in maintaining the surface of the road, and that respondent’s negligence was the proximate cause of the accident. Respondent denies that it was negligent.
The question for the Court, therefore, is to determine whether the respondent was negligent, and, if it were, whether its negligence was the proximate cause of the accident and of claimant’s damages.
Claimant labors under the difficulty of proving her own case, because as a result of the impact of the car with the tree, she was rendered unconscious for about three weeks and still has no memory of the events which transpired in the period from two days before the accident until after her discharge from the hospital. She contends, however, that her right front wheel struck an elevated section of pavement at or near the right berm of the lane reserved for northbound traffic, and that her car was thrown out of control; by witnesses she proved the existence of an irregularity in the pavement near the point at which two other witnesses testified her out-of-control skid commenced.
Deputy Sheriff Randy Durrett, of Taylor County, who arrived on the scene shortly after the accident and who made a written report of his investigation, testified to the existence of *129 parallel skid marks leading from the berm of the northbound traffic lane, across the northbound traffic lane and southbound traffic lane to the berm of the southbound traffic lane, and on to a tree beside which claimant’s vehicle was found, demolished, and that the length of the skid marks on the pavement was 103 feet, 3 inches. The origin of the skid marks was found by him to be just north of an area which he designated as “rough patch in road,” an area 27 feet, 9 inches in length. He also testified that after hitting the bump, claimant’s right rear tire may have left the pavement to the right berm, and surmised that the car was thereby caused to yaw and cross the southbound lane and run into the tree. He did not testify to the vertical variance of the “patch” from surrounding road surface.
Ronald Stickley, a witness for claimant, testified that the vertical variance of the patch was no less than an inch. Eugene Chipps, another witness for the claimant, testified that the variance was “one inch or more over the original surface.” Respondent’s witness, Ben Savilla, an employee of respondent, testified that the height of the variance was approximately one inch, at its highest point, and tapered, or was faired, to virtually zero at its lowest point. Respondent’s exhibits #1 ,#2, and #5, photographs taken well after the date of the accident but admitted as evidence subject to the reservation that the Court would take into consideration the time difference, were confirmed by Deputy Durrett to be representative portrayals of the patch at the time of the accident; they tend to confirm the testimony of Messrs. Stickley, Chipps, and Savilla, and of Clarence Glaspell, that the patch was tapered and did not extend higher, at its maximum, more than an inch or so above the regular course of the pavement.
Glaspell, the only person who could and did testify as an eyewitness to the accident, characterized the patched area as blacktop which had been rolled smooth. He testified that claimant’s vehicle when first observed by him was on the double line (center) of the two lane road, heading northward, then turned toward the berm of the easterly side, touched the first and smaller patched area; then swerved to the left, westwardly, across the double line, and then swerved again to the right, eastwardly, bumping the larger patch with the right rear tire, and approaching but not reaching the berm at the northerly end of the second and larger patch, then turned sharply to the left again westwardly, and into a skid which took the vehicle, then out of control, across the center line again, and finally into the tree. The witness, while on the stand, made a drawing (not to scale) of the movement of the vehicle, which was marked as Court’s Exhibit #1, which counsel for both parties, and the Court used extensively in questioning the witness. The witness testified positively that the front (wheels) never came near the second patched area.
The Court recognizes that there are some inconsistencies between the testimony of the investigating officer, Deputy Durrett, and that of Clarence Glaspell, the eyewitness to the accident, but believes that each was telling the truth as he found it or saw it.
The Court believes and finds, by a preponderance of the evidence that:
1. Claimant Lisa Dawn Stickley, was careless in and non-attentive to the operation of her motor vehicle, which, when first seen by the eyewitness, *130 Glaspell, was in the center of the road; to correct her position, she swerved to the right and came to a point near the right berm, then swerved to the left, crossing the center of the road, and then swerved to the right to a point near the berm again; then, in attempting to avoid going off the road, made a sharp turn to the left and in doing so overcompensated, with the result that her front wheels locked in a full left position, and claimant lost all control of her vehicle; the forward momentum of the vehicle was so great that the vehicle commenced a diagonal northward skid of 107 feet, 3 inches on the pavement and came to rest against a tree beyond the berm on the opposite side of the road.
2. Immediately before claimant lost control, her right rear wheel ran over a portion of the road which had been repaired on August 3,1992, by filling a pothole with hot mix and rolling the mix; part of the repaired area was about one inch higher than the surface of the rest of the road, but it was tapered to the residue of the surface so that there were no sharp edges.
3. There is no record of prior accidents at the scene of this accident, and no evidence of complaints with respect to the patched area which were made prior to the time of this accident.
4. The respondent was not negligent in its maintenance of the road at the scene of the accident.
5. The patched area of the road where the accident took place was not the proximate cause of the accident.
The Court concludes that respondent was not guilty of negligence with respect to the accident of October 28, 1992, on which claimants base their claim.
Accordingly, the claim is denied.
Claim disallowed.